## O. M. Minor v. The State.

### No. 5565.　Decided December 10, 1919.

#### Carrying Pistol—Postponement—Practice in County Court.

Where, upon trial of unlawfully carrying a pistol, defendant, after the trial had begun, asked the court below to postpone or continue the case, because of the illness of his wife, which the court refused to do, and it appeared from the record on appeal that it was not alleged or claimed that said wife was a witness in the case, nor that he had been deprived of any right by the court's action, there was no reversible error.

Appeal from the County Court of Bexar. Tried below before the Hon. Nelson Lytle, judge.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Bexar County for Criminal Cases, of unlawfully carrying a pistol, and given thirty days in the county jail.

There is no statement of facts in the record. The complaint and information, and the charge of the court, are in conformity with the law, and the only error presented by bills of exception is, substantially, that after the trial had begun, appellant asked the court below to postpone or continue the case, because of the illness of his wife, which the court refused to do. As this appears in the record, it shows that the case went to trial upon announcement of ready by both parties, and that the entire trial, including the return of the verdict by the jury, did no occupy more than two hours and a half; that after certain witn had testified, appellant asked for an hour and a half in which to prepare a motion for postponement, or continuance; that the court asked for a statement of the proposed ground of such application, in order that he might determine whether or not to grant the time asked for in which to prepare said application. Appellant at first refused to make such statement, but later stated to the court that his wife was ill with typhoid-malarial fever. Upon further inquiry, it was ascertained that she had been sick with this disease for two weeks before the beginning of the trial; and upon further questions and answers, the court overruled the request for time and also the application for postponement stating, when he did so, that he would permit appellant to prepare and file his application at his leisure, and would consider the same as overruled.

It further appears that after this action of the court, appellant remained at the trial until its conclusion, he being on bond at the time.

We see no reversible error in the court's action. It was not alleged or claimed that the wife was a witness in the case, nor was appellant compelled nor did he choose to absent himself from the court room, or the trial, by reason of the court's refusal to grant such postponement; nor does he appear to have been deprived of any right by the court's action. The matter complained of was largely within the discretion of the trial court, and unless such discretion should appear to have been abused, to the injury of the appellant, we would not undertake to revise the court's action.

The judgment of the trial court will be affirmed.

*Affirmed.*